UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20441-CIV-COOKE/BROWN

GLOBAL HTM PROMOTIONAL
GROUP, INC.,

    Plaintiff,

vs.

ANGEL MUSIC GROUP LLC,
ANGEL MUSIC GROUP LIMITED,
TRACK ENTERTAINMENT
PROPERTIES, INC., d/b/a TRACK
ENTERTAINMENT and SPACE 34
LLC d/b/a/ CLUB SPACE

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA AND DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

**This matter** is before this Court on Plaintiff's Motion to Quash Defendant's Subpoena and Plaintiff's Motion Praying for a Protective Order. The Court has also considered Defendant's response, Plaintiff's reply and all pertinent materials in the file.

### BACKGROUND

Based on the representations from both parties, on October 18, 2006, Defendant, Angel Music Group Ltd., served a subpoena directed to Sprint Nextel. The subpoena, issued by the United States District Court of Kansas, requested all phone records of Ramdames Narvaez (alias "Rey Navarro"), Global's president and sole shareholder, from November 1, 2005 to the present. On October 25, 2006 Plaintiff advised Defendants that they would move to quash the subpoena if it was not withdrawn. On October 26, 2006, Defendants informed Plaintiff that they would not withdraw

the Sprint subpoena and proposed limiting the scope of the subpoena. Plaintiff did not respond to Defendants' proposal. On November 7, 2006, Defendants were informed by a representative of Sprint's Subpoena Compliance Group that Sprint would produce documents responsive to the subpoena. On November 27, 2006, Defendants requested that Sprint limit the production to records pertaining to relevant phone calls. However, Sprint stated that it could not produce limited records. On November 29, 2006, Defendants informed Plaintiff that Sprint could not limit its records but agreed to disclose the irrelevant numbers to "attorney's eyes' only". On November 30, 2006, Plaintiff informed Defendants that Plaintiff was filing a motion for a protective order, which was filed with this Court on December 14, 2006.

Plaintiff asserts that the requested phone records are not relevant to any issue in the case and will not lead to the discovery of relevant admissible evidence. Plaintiff also asserts that the requested records are outside the discovery limits and that the requested information is an invasion of Mr. Narvarro's private and business affairs. Plaintiff further asserts that production of the records is a hardship and that the phone records may reveal information which is subject to the attorney/client privilege or is considered work product. Lastly, Plaintiff argues that the information contained in the phone records is a trade secret. Plaintiff prays for a Protective Order instructing Defendants to notify Sprint Nextel that they are not to comply with the subpoenas; or to the extent the documents have already been produced, instructing the Defendants not to view the documents and to provide all copies to the Plaintiff.

Defendants contend that the phone records are relevant and discoverable because they are needed to clarify apparent contradictions in the testimony of Mr. Navarro and that of Mr. Indro Chaudhury, the printer who prepared an invoice for Plaintiff. Defendants also contend that Mr.

Navarro has no legitimate expectation of privacy in phone records and that the phone records are not protected by attorney client privilege. Defendants further contend that Plaintiff's motion to quash is procedurally defective because Plaintiff failed to follow both the federal rules and the local rules of procedure, and because the subpoena was filed with the District Court of Kansas, the motion to quash should have been filed there as well.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure states: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of . . .tangible things." Fed. R. Civ. P. 26(b)(1). Relevancy is defined as: "Logically connected and tending to prove or disprove a matter in issue; having appreciable probative value - that is, rationally tending to persuade people of the probability or possibility of some alleged fact." Black's Law Dictionary 1293 (7th ed. 1999). Based on the definition of relevancy and this Court's interpretation of Rule 26(b)(1), the subpoenaed phone records are relevant and discoverable information in this case. The phone records are tangible and are relevant to the claim of a party. The issue that the records tend to prove and/or disprove is whether Mr. Navarro spoke with Mr. Chaudhury during a time in which he said he did not. Plaintiff asserts that the records will disclose both private and business affairs. His assertion is correct. However, one of the roles of discovery is to allow both parties to uncover information that is relevant in deciding the matter that is before the court. The Eleventh Circuit has acknowledged that "a litigant proceeding in good faith has a right to use civil discovery in attempts to prove the existence of a colorable claim for relief[.]" *Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987).

Plaintiff argues that the information is an invasion of the Mr. Narvarro's private and business

affairs. In regard to the issue this case presents, the Supreme Court held that:

> All telephone users realize that they must 'convey' phone numbers to the phone company. . . . that the phone company has facilities for making permanent records of the numbers they dial . . . . a person has no legitimate expectation of privacy in information that he voluntarily turns over to third parties. *Smith v. Maryland,* 442 U.S. 735, 742-743 (1979).

Under this interpretation, Defendants requesting a copy of Mr. Narvarro's records is not an invasion of his privacy.

Plaintiff also argues that the information contained in the records is subject to the attorney-client privilege. The attorney-client privilege is one of the oldest privileges recognized in common law. *Swidler & Berlin v. United States,* 524 U.S. 399 (1998). This privilege protects communications between a client and his attorney made in confidence and for the purpose of securing legal advice or assistance. *Securities & Exchange Commission v. Dowdell*, No. 02-mc-94-T-17TBM, 2006 U.S. Dist. LEXIS 31803 at 10 (M.D. Fl. May 15, 2006). Plaintiff's argument is without merit because the records that Plaintiff would like to exclude are not "communications" between the attorney and the client. At most, the records show the times at which the attorney and/or the client communicated with each other, not the actual communication between the two parties.

Plaintiff is of the opinion that production of the records is a hardship and that the phone records may reveal information which is considered work product. The hardship Plaintiff speaks of, is a burden that is on the person/entity producing the documents. Because Plaintiff is not producing the records, they cannot claim the production of the records as hardship. Rather, Sprint is producing the records as required by the subpoena. Sprint has not objected and has not shown any hardship in the production of the records. Sprint was willing to and did produce the records to give to Defendants on December 9, 2006, but did not provide the records because they are awaiting the

outcome of this motion. Contrary to Plaintiff's claim, work product privilege applies to "the **attorney's** mental impressions, conclusions, opinions or legal theories." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (emphasis added). Plaintiff has no legal basis for claiming work product privilege in regard to phone records of the client.

Lastly, Plaintiff argues that the information contained in the phone records is a trade secret. Plaintiff has no legal basis for this argument. It is understood that Mr. Navarro is involved in the entertainment industry, however Plaintiff is implying that the Defendants would practice both unprofessional and unethical standards in the handling of the records and allow information contained in those records to become general knowledge.

In addition thereto, the subpoena was issued by a District Court in Kansas. Plaintiff filed the motion to quash the subpoena in the Southern District of Florida. Rule 45(c)(3)(A) states, "On timely motion, **the court by which a subpoena was issued shall quash or modify the subpoena** ..." Fed. R. Civ. P 45(c)(3)(A) (emphasis added). Therefore, the motion to quash should have been filed in the District Court of Kansas.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that said motion and protective order is hereby **DENIED**.

**DONE AND ORDERED** this 26th day of January, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. Magistrate Judge