06-20441.sj

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-20441-CIV-BROWN

**THIS IS A CONSENT CASE**

GLOBAL HTM PROMOTIONAL GROUP, INC,

    Plaintiff,

vs.

ANGEL MUSIC GROUP, LLC, et al.,

    Defendants.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court on the Plaintiff's Motion for Summary Judgment (DE 82). The Court has reviewed the Motion, the Response, the Reply, and all pertinent portions of the file.

### Facts

Plaintiff Global HTM Promotional Group ("Global") was incorporated in Florida on May 30, 2001. Defendant Angel Music Group Limited is a private limited company originally organized under the law of the United Kingdom in 2004 under the name GK Music Limited, and has a wholly-owned subsidiary called Angel Venues Limited, f/k/a Godskitchen Worldwide Limited ("Godskitchen").[1] Angel is engaged in rendering entertainment services, which include organizing, arranging and staging of electronic dance music festivals. Defendant The Management Group, LLC

---

[1] Angel Music Group Limited and Angel Venues Limited will collectively be referred to as ("Angel").

1

d/b/a "Track Entertainment" (hereinafter "Track")[2] claims that it and Angel and its wholly owned subsidiaries, including Godskitchen, are "related companies" within the meaning of the Lanham Act (15 U.S.C. §1127).[3]

On July 29, 2001, Angel held an electronic music festival at Long Marston Airfield in England under the name "GLOBAL GATHERING." This event has continued annually and in 2005 Angel held its first GLOBAL GATHERING event outside of England, in Cork, Ireland.

On November 30, 2002, and each year thereafter, there was a festival in Miami featuring live and recorded electronic music in Miami Florida using the name "GLOBAL GATHERING." Global alleges that it promoted and presented these festivals.

Angel and Track promoted a music festival held in Miami, Florida on March 18, 2006 under the mark "GLOBAL GATHERING." The City of Miami issued a violation to Global in connection with that event.

Global has sued the Defendants for Unfair Competition under the Lanham Act (Count I), Unfair Competition Under Florida's Common Law (Count II), Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201, et seq. (Count III), and seeks a Declaratory Judgment (Count IV), and Cancellation of Angel's Gathering Applications. (Count V).[4]

---

[2] This Defendant states that it has been misidentified in the complaint as "Track Entertainment Properties, Inc."

[3] "The term 'related company' means any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the good or services on or in connection with which the mark is used." 15 U.S.C. §1127.

[4] Plaintiff has voluntarily dismissed the Angel Defendants, and has obtained a default judgment against Defendant Space 34 LLC. Therefore Track is the only defendant to which this motion pertains, and Global's request for entry of summary judgment on Defendant Angel Music Group Limited's Counterclaim is moot.

## Discussion

### I. Legal Standard

Summary judgment is proper only when no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002). The Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable inferences also being drawn in the nonmovant's favor. Id. A genuine issue as to material fact exists only when "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989). However, if the facts and inferences overwhelmingly favor one side, such that a reasonable jury could only arrive at one verdict, then summary judgment must be granted as a matter of law. Williams v. Dresser Indus., Inc., 120 F.3d 1163, 1167 (11th Cir. 1997). For the nonmovant to survive such a grant, there must be more than a mere scintilla of evidence. Id.

### II. Analysis

In order to prevail on its claims under Section 43(a) of the Lanham Act, which forbids unfair trade practices involving infringement of service marks, Global must show (1) that it acquired prior rights to the mark in the ordinary course of trade and (2) that consumers are likely to confuse the defendant's use of the mark with plaintiff or plaintiff's use. See Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1193 (11th Cir. 2001).[5] Global requests that the Court grant

---

[5] Florida law provides that courts also look to federal law in interpreting the Florida trademark statute. See, e.g., Great Southern Bank v. First Southern Bank, 625 So. 2d 463, 466 n. 4 (Fla. 1993).

3

summary judgment in its favor on the issue of prior rights in the mark GLOBAL GATHERING.

"[T]rademark ownership rights are 'appropriated only through actual prior use in commerce.'" Tally-Ho, Inc. v. Coast Community College Dist., 889 F.2d 1018, 1022 (11th Cir. 1989). Under the Lanham Act, a mark is deemed to be "used in commerce" on services when:

> it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services.

15 U.S.C. §1127. The Lanham Act defines "commerce" as "... all commerce that may be lawfully regulated by Congress." 15 U.S.C. §1127. Global argues that it first used the mark GLOBAL GATHERING "in commerce" as required by the Act when it presented the Miami concert on November 30, 2002.

Assuming for purposes of this motion only (but not so finding) that the November 2002 Miami concert constituted the first "use" of the GLOBAL GATHERING mark under the Lanham Act, there is an issue of fact as to whether the named plaintiff, Global, actually owned and used that mark. In his Declaration the President of Global, Radames Narvaez, a/k/a Rey Navarro (hereinafter "Navarro") states that Global had printed 50,000 flyers promoting the November 2002 festival and caused them to be distributed, and avers generally that the 2002 through 2005 festivals were "held by" Global. However, in his deposition, Mr. Navarro could not identify any expenses that were paid by Global for any of these festivals. He additionally testified that other entities were responsible for funding the entire 2002 event (Navarro dep. p. 413) and that he believed that Global received payments for its participation in that event but was unable to state how much. Id. at 415. He further identified other entities that were responsible for producing the subsequent events.

Global maintains that the issue of which entity paid the expenses of providing the concert is irrelevant, and that "[o]wnership may be determined by looking at 'which party possesses the

4

goodwill associated with the product, or which party the public believes stands behind the product'." Reply p. 8 (quoting Tactica Intern. Inc. v. Atlantic Horizon Intern., Inc., 154 F. Supp. 2d 586, 600 (S.D.N.Y. 2001) (quoting Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F. 2d 850, 854 (3d Cir. 1986)).

In an effort to show good will and the public's belief, Global points to the fact that it was ticketed in connection with the concert put on by Defendants under the GLOBAL GATHERING name in Miami in 2006. The Court finds that this singular piece of evidence is not in itself indicative (and certainly not dispositive) of a perception on the part of the "public" as to the company which stands behind the service and therefore owns the mark, and that there are additional issues of fact regarding the corporate status of Global, which preclude summary judgment for Global on the issue of use, even assuming that the 2002 Miami concert could be considered the first "use" for purposes of the Lanham Act.[6]

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of November, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record

---

[6]Track additionally argues that any use of the mark in 2002 by Global was in bad faith because Global had knowledge that the mark was already being used by the Angel defendants, and makes the related argument that the Court should recognize the "famous marks" doctrine to award the Defendants priority. Although the Court does not decide at this time that the doctrine is applicable, these arguments raise possible additional issues of fact which preclude summary judgment.